UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEAN DE DIEU A.S. FAGNIDE, )<br>  )<br>       Plaintiff, )<br>  )<br>    v.  )<br>  )<br> IMPD, )<br> VALERO GAS-STATION RETAIL STORE, )<br>  )<br>       Defendants. ) | No. 1:22-cv-01801-JPH-MJD |

**ORDER**

Jean Fagnide alleges that a Valero gas station maintained a defective gas station receipt machine and that, when he called the police to help him get his receipt, they arrested him instead. Dkt. 1 at 6. For the reasons outlined in Section II, the complaint is **DISMISSED,** and Mr. Fagnide is **ORDERED** to file an amended complaint **by October 31, 2022**, if he would like to proceed with this suit.

**I. Motion to proceed *in forma pauperis***

Mr. Fagnide's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Fagnide to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

1

## II.  Discussion of Claims

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, federal courts are courts of limited jurisdiction.  In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").  The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

The Court identifies two claims in Mr. Fagnide's complaint. However, each must be dismissed.

### A. Interpleader

Mr. Fagnide's complaint in this case is styled as an action for interpleader and declaratory relief against the Indianapolis Metropolitan Police Department and an Indianapolis Valero Gas station under 28 U.S.C. § 1335. Dkt. 1. Under § 1335, federal courts have original jurisdiction over interpleader actions where the property involved is valued at $500 or more and "two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) [28 U.S.C. § 1332], are claiming or may claim to be entitled to such money or property . . . ." 28 U.S.C. § 1335(a)(1). Here, Mr. Fagnide alleges that the property at issue is a gas station receipt but does not allege that its value exceeded $500. Dkt. 1 at 6. Moreover, the complaint identifies IMPD and the Valero Gas Station as the adverse claimants but identifies both, as well as Mr. Fagnide himself, as Indiana citizens for § 1332 purposes. *Id.* at 1, 5.

Therefore, the complaint fails to satisfy § 1335's jurisdictional requirement and the claim must be **dismissed**.

Moreover, IMPD is not a suable entity, so any claim against it must be **dismissed** for failure to state a claim for that additional reason.  *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

### 2. Product Liability Claim

The complaint also alleges that Valero is liable under the "common law doctrine of products liability" for Mr. Fagnide's August 2016 arrest because, but for its defective gas station receipt machine, Mr. Fagnide would not have been arrested.  *Id.* at 6.  This claim also fails to invoke the Court's jurisdiction because Mr. Fagnide and Valero are both alleged to be citizens of Indiana.  *Id.* at 1, 5.  Therefore, this claim must be **dismissed** for lack of subject-matter jurisdiction.

### III. Conclusion

Mr. Fagnide's claims are **dismissed** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.  The dismissal of the complaint will not lead to the dismissal of the action at present.  Instead, Mr. Fagnide shall have **through October 31, 2022, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an

4

opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

- (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

- (b) the amended complaint must include a demand for the relief sought;

- (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

- (d) the amended complaint must include the case number referenced in the caption of this Order, 1:22-cv-01801-JPH-MJD and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 10/5/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEAN DE DIEU A.S. FAGNIDE
125 W. SOUTH STREET
GENERAL DELIVERY
INDIANAPOLIS, IN 46206

5